ORIGINAL

FILED
JUN 9 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

TECHNICAL AND PROJECT ENGINEERING, LLC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

08-419 C
CoFC No. ________
**BID PROTEST**

## NOTICE OF DIRECTLY RELATED CASE

**COMES NOW** Technical and Project Engineering, LLC ("TAPE"), by and through undersigned counsel, and in accordance with RCFC 40.2 hereby files this Notice of Directly Related Cases. Plaintiff believes that the following case falls within the definition of directly related case as set forth in RCFC 40.2(a)(1) because the cases are based on similar claims and this case involves the same procurement or contract, Femme Comp Inc. v. United States, CoFC No. 08-409C **BID PROTEST** (Judge Sweeney).

On March 20, 2008 TAPE received notice that although it was in the competitive range for the procurement, it was not chosen as one of the awardees under the RFP. In accordance with 15 C.F.R. § 15.506 TAPE received a debriefing from the Government on April 7, 2008. Based on the information in the debriefing, TAPE filed a protest concerning the Army's award decision with the Comptroller General on April 11, 2008. TAPE's protest was docketed as <u>Technical and Project Engineering, LLC</u>, B-400055.2.

The Government submitted its Agency Report in this protest on May 13, 2008. At the direction of the Government Accountability Office ("GAO") the Government supplemented the Agency Report on May 30, 2008 and June 3, 2008. TAPE filed its Comments with the GAO on May 23, 2008 and supplemented its comments on June 4, 2008.

On or about June 2, 2008, Femme Comp Inc. ("FCI") filed this action here protesting the Government's award decisions under the RFP. Based on FCI's filing, on June 5, 2008, the GAO dismissed TAPE's protest in accordance with 4 C.F.R. § 21.11, which states that the GAO will not consider a protest where the procurement is the subject of litigation at this Court.

Assignment of this case to Judge Sweeney and consolidation of TAPE's Protest with FCI's would appear to make sense and promote judicial efficiency because the records in both cases will be essentially similar, the Court will have to resolve similar issues of fact and law in both cases, and the Court's determinations concerning one protester may affect the rights of the other protester.

Respectfully submitted,

Date: 6/9/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, Virginia 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Protester Technical and Project Engineering, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2008, a copy of the foregoing Notice of Directly Related Case was served by electronic mail on:

Counsel for the United States, Kenneth Woodrow, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Washington, DC 20530;

Counsel for Femme Comp Inc., Terrence M. O'Connor, Esq., Albo & Oblon, LLP, 2200 Clarendon Blvd, Suite 1201, Arlington, VA 22201;

Counsel for the Army, CPT Charles D. Halverson, Esq. Office of the Chief Trial Attorney, U.S. Army Legal Services Agency, 901 N. Stuart St., Arlington, VA 22203; and

Counsel for Intervenor Savantage Solutions, Katherine S. Nucci, Esq., Thompson Coburn LLP, 1909 K Street, N.W., Suite 600, Washington, D.C. 20006-1167.

James S. DelSordo